UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen John Guidetti; *aka Stephen-John; son of God*, | C/A No. 6:12-1769-GRA-KFM |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Magistrate Judge Jacquelyn D. Austin, | |
| Defendant. | |

This action was filed by a *pro se* plaintiff, Stephen John Guidetti ("Plaintiff"), pursuant to 42 U.S.C. § 1983 (ECF No. 1). Pretrial proceedings in this case were referred to the undersigned pursuant to provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff filed a document titled "Criminal Complaint against Magi[s]trate Jacquel[y]n D. Austin" as an attachment to his summary judgment motion filed in another case pending in this court, *Guidetti v. Donahue*, C/A No. 6:11-cv-01249-HMH-KFM. As the docket text order entered by Judge Austin indicates, the "complaint" from the prior pending case was given a civil action number and assigned to a different magistrate judge, which resulted in this case. ECF No.1.

By order dated July 12, 2012, Plaintiff was given an opportunity to provide the necessary documents to bring the case into proper form (ECF No. 6). *See In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007). The proper form order instructed that "**[i]f Plaintiff does not intend to proceed in this case, he may file a notice of voluntary dismissal, or if no response is received to this order, the case will be dismissed.**" ECF No. 6 (emphasis

in original). Plaintiff was further warned that failure to provide the necessary documents within the timetable set in the order would subject the case to dismissal. Plaintiff did not respond to the order and the time for response lapsed on August 6, 2012. Plaintiff has failed to prosecute this case.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir.1989) and *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir.1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of plaintiff's responsibility in failing to respond;
>
> (2) the amount of prejudice to the defendant;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir.1978). In the present case, the Plaintiff is proceeding *pro se,* so he is entirely responsible for his own inaction in failing to respond to the court's order. The defendant has not been served in this case and will not be prejudiced by dismissal. It appears from Plaintiff's lack of prosecution that he has abandoned this lawsuit, and no other reasonable sanctions are available. Because the defendant is a federal judge acting in her official capacity, she is protected from suit by the doctrine of judicial immunity, and the complaint should be **dismissed with prejudice**. *See Mireles v. Waco*, 502 U.S. 9, 10 (1992) (holding judicial immunity is a threshold question

2

which requires summary dismissal).

RECOMMENDATION

Based upon the foregoing, it is recommended that this case be **dismissed with prejudice** pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

Kevin F. McDonald
United States Magistrate Judge

September 18, 2012
Greenville, South Carolina

**Plaintiff's attention is directed to the following important notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).