UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Stephen John Guidetti; *aka Stephen-John; son of God*,<br>Plaintiff,<br><br>v.<br><br>Magistrate Judge Jacquelyn D. Austin,<br>Defendant. | C/A No.: 6:12-1769-GRA-KFM<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for review of United States Magistrate Judge Kevin McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina, and filed on September 18, 2012. This case arose on June 27, 2012, after Magistrate Judge Jacquelyn D. Austin directed the Clerk to assign Plaintiff's "complaint", which was originally attached as an exhibit to a motion for summary judgment in another case, a civil action number and assign it to a different magistrate judge. ECF No. 1.

Magistrate Judge McDonald recommends that this Court dismiss Plaintiff's case with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. ECF No. 12. Neither party objected to the magistrate's Report and Recommendation. For the reasons stated herein, the Court adopts the magistrate's recommendation in its entirety and dismisses Plaintiff's case with prejudice pursuant to Rule 41.

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

This action arose when Plaintiff filed a document titled "Criminal Complai[nt] against Magi[s]trate Jacquel[y]n D. Austin" as an attachment to his summary judgment motion filed in another pending case, *Guidetti v. Donahue*, C/A No. 6:11-cv-01249-HMH-KFM. *See* ECF No. 2. Judge Austin subsequently ordered that the "complaint" from the prior pending case be given a civil action number and assigned to a different magistrate judge. ECF No. 1.

On July 12, 2012, Magistrate Judge McDonald ordered Plaintiff to bring the case into proper form. ECF No. 6. This order made clear that "**[i]f Plaintiff does not intend to proceed in this case, he may file a notice of voluntary dismissal, or if no response is received to this order, the case will be dismissed.**" *Id.* (emphasis in original). Plaintiff was further warned that failure to provide the

necessary documents within the timetable set in the order would subject the case to dismissal. Plaintiff did not respond to the order and the time for response lapsed on August 6, 2012. Plaintiff has failed to prosecute this case.

## Discussion

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. "The failure to file objections to the report and recommendation waives any further right to appeal." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In this case, objections were due on October 5, 2012. Neither the defendant nor the plaintiff filed any objections to the magistrate judge's Report and Recommendation.

After a review of the record, this Court finds that the magistrate judge's Report and Recommendation accurately summarizes the case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that this case is DISMISSED WITH PREJUDICE pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

*G. Ross Anderson, Jr.*
G. Ross Anderson, Jr.
Senior United States District Judge

October 11, 2012
Anderson, South Carolina